**In re Charles V. LOWERY and Suzanne H. Lowery, Debtors.**

No. 00–6131–3F7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 6, 2001.

Keith A. Graham, Orlando, FL, for Cadle Company II, Inc.

Chester J. Trow, Ocala, FL, for Debtors.

Charles W. Grant, Jacksonville, FL, Chapter 7 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on the Motion for Summary Judgment Regarding Objections to Debtors' Homestead Exemption Claim filed by Charles V. Lowery and Suzanne H. Lowery ("Debtors") on April 30, 2001. (Doc. 55.) On May 17, 2001, the Court entered an Order directing the Chapter 7 Trustee and Cadle Company II, Inc. ("Cadle Company") to respond to Debtors' Motion for Summary Judgment within ten days. (Doc. 57.) Cadle Company belatedly filed a response to the Motion for Summary Judgment on June 1, 2001. (Doc. 60.) Upon review of the Motion for Summary Judgment and upon review of Cadle Company's response, the Court finds that no genuine issue of material fact exists and that summary judgment should be granted in favor of Debtors.

## FINDINGS OF FACT

Debtors are residents of the State of Florida. Debtors permanently reside on

their citrus farm in Marion County, known as Lowery Groves ("the Lowery Groves property"). The Lowery Groves property is composed of five contiguous parcels of real property, purchased in five separate transactions between 1978 and 1988.

On February 10, 1978, Frances E. Snow and Blanche S. Snow conveyed the first piece of the Lowery Groves property to Debtors as tenants by the entirety. (Ex. A–1 to Doc. 56.)

According to the affidavit of Charles V. Lowery, at some point in 1981 he chose to form an oral trust ("the 1981 trust") to hold any future real property acquisitions upon the advice of his accountant and attorney. (Ex. D to Debtor's Ex. 3.)

On April 6, 1981, Robert E. Thompson and Marjorie D. Thompson conveyed the second piece of the Lowery Groves property to Charles V. Lowery as trustee. (Ex. A–2 to Doc. 56.)

On May 5, 1981, Frances E. Snow and Blanche S. Snow conveyed the third piece of the Lowery Groves property to Charles V. Lowery as trustee. (Ex. A–3 to Doc. 56.)

Debtors allege that on June 15, 1981 Charles V. Lowery wrote a letter to Suzanne H. Lowery that explained the trust setup and declared Debtors' intent to use the Lowery Groves property as their homestead despite the trust arrangement. A photocopy of this letter is attached to the affidavit of Charles V. Lowery. (Ex. D to Debtors' Ex. 3.) Debtors submit this letter as proof that the 1981 trust existed solely for accounting purposes, and that Debtors intended that the 1981 trust-owned parcels form an integral, inseverable portion of their homestead.

On January 15, 1982, D.C. Donaldson conveyed the fourth piece of the Lowery Groves property to Charles V. Lowery as trustee. (Ex. A–4 to Doc. 56.)

On December 23, 1988, Robert Clayton Albright conveyed the fifth piece of the Lowery Groves property directly to Debtors. (Ex. A–5 to Doc. 56.)

According to the affidavit of Debtors' surveyor, these five pieces of real property are contiguous.

Cadle Company does not offer any assertions or evidence in opposition to the surveyor's conclusion regarding contiguity.

According to the affidavit of Charles V. Lowery, the Lowery Groves property totals about seventy acres in area, and is not located within any incorporated municipality.

Cadle Company does not contest Charles V. Lowery's assertions of size or location.

On March 2, 2000, the Seventeenth Judicial Circuit Court in and for Broward County, Florida entered a Final Judgment against Debtors in favor of Cadle Company in the amount of $2,002,287.31. (Ex. C to Doc. 46.)

On April 2, 2000, Charles V. Lowery, as trustee, caused the 1981 trust to enter into a Warranty Deed conveying the three pieces of Lowery Groves property held by the trust to Debtors. (Ex. B to Doc. 56.)

Cadle Company does not contest the validity of the transfer of the 1981 trust properties to Debtors. Cadle Company does allege that Debtors were insolvent at the time of the transfer, and that the trust did not receive any reasonably equivalent value for the transfer.

On August 10, 2000, Debtors filed a voluntary petition for Chapter 7 bankruptcy protection.

In Debtors' Schedule C, they claim the Lowery Groves property as exempt under Article X, § 4 of the Florida Constitution. Debtors describe the Lowery Groves prop-

erty collectively as Marion County tax parcel No. 45899–002–00 and list the address of the Lowery Groves property as 10635 SE 144th Place, Summerfield, Florida.

On October 4, 2000, the Chapter 7 Trustee filed an Objection to Debtors' claim of exemption in the Lowery Groves property.

On October 26, 2000, Cadle Company filed an Objection to Debtors' claim of exemption in the Lowery Groves property.

On April 30, 2001, Debtors filed the Motion for Summary Judgment. (Doc. 55.)

On June 1, 2001, Cadle Company filed its response to the Motion for Summary Judgment. Cadle Company argues that Debtors should not be able to claim the Lowery Groves property as exempt because Debtors enlarged the Lowery Groves property with the specific intent to hinder, delay or defraud creditors. Specifically, Cadle Company contends that Debtors converted the purportedly non-exempt 1981 trust parcels into exempt homestead property in their own names in order to prevent creditors from attaching the former trust properties.[1] Cadle Company asserts that Debtors forged the June 15, 1981 letter purportedly evidencing Debtors' intent to use the 1981 trust properties as their homestead, and requests that the Court deny summary judgment in order to allow for Cadle Company to enlist experts to prove such malfeasance. Cadle Company also argues that summary judgment should be denied because the facts as established by Debtors' affidavits show the existence of "badges of fraud" demonstrat-

ing a "prima facie case of fraudulent transfer under Florida law." (Doc. 60.)

Cadle Company also contends that Debtors may only claim as exempt the portions of the Lowery Groves property actually dedicated to residential purposes and may not claim as exempt those portions of the Lowery Groves property used for commercial purposes.

## CONCLUSIONS OF LAW

### I. THE SUMMARY JUDGMENT STANDARD

Summary judgment under Rule 56 is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2000). A moving party bears the initial burden of showing a court that there are no genuine issues of material fact that should be decided at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir. 1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to a court that there is an absence of evidence to support a non-moving party's case. *See Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. In determining whether a moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, a court must draw infer-

1. The Court notes that Cadle Company's unstated assumption that the former trust properties would be nonexempt property of the estate if still held by the 1981 trust is questionable at best. However, the Court does not find it necessary to address the exempt status of the properties in the hands of the 1981 trust because Cadle Company has not properly brought the issue before the Court by filing an adversary proceeding challenging the pre-petition transfer of the former trust properties and seeking to restore the former trust properties to the 1981 trust.

ences from the evidence in the light most favorable to a non-movant and resolve all reasonable doubts in that party's favor. *See Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989). If a moving party satisfies this burden, then a nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. *See id.*

Therefore the burden is on Debtors to show that there is no genuine dispute over the qualification of the Lowery Groves property for a Florida homestead exemption under Article X, § 4(a) of the Florida Constitution.

Additionally, Cadle Company may thwart Debtors' Motion for Summary Judgment with a showing that there is some genuine, triable issue of material fact as to the potential application of one of the constitutional exceptions to the homestead exemption.

## II. QUALIFICATION FOR HOMESTEAD EXEMPTION: ARTICLE X, § 4(a) OF THE FLORIDA CONSTITUTION

### A. Florida homestead exemption standard

■ The Florida Constitution provides a debtor's homestead with broad protection against attachment by a debtor's creditors. *See Englander v. Mills (In re Englander)*, 95 F.3d 1028, 1031 (11th Cir.1996). Article X, § 4(a) of the Florida Constitution provides, in relevant part:

§ 4 Homestead; exemptions

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family ...

FLA. CONST. Art. X, § 4(a) (2001).

Therefore, in order for a court to allow a debtor's claim of a homestead exemption under the Florida Constitution, a debtor must establish by a preponderance that (1) debtor is a natural person; (2) the real property at issue qualifies as a "homestead"; and (3) the claimed homestead fits within the size guidelines for rural or municipal property set down in § 4(a)(1).

Nevertheless, a court may disallow a qualified homestead exemption if a creditor proves by a preponderance that one of the three stated exceptions to the homestead exemption applies in a particular case: (1) the tax lien exception; (2) the contractual lien exception; and (3) the service lien exception.

■ A court must strictly construe the constitutional exceptions to the homestead exemption in favor of exemption claimants and against challengers. *See In re Haning*, 252 B.R. 799, 806 (Bankr.M.D.Fla. 2000).

## B. The absence of a "fraud" exception

█ Federal courts split on the issue of whether a court may disallow a claimed homestead exemption on the grounds that the exemption-qualified property was converted from patently nonexempt property with the actual intent to hinder, delay, or defraud creditors. *See Havoco of America, Ltd. v. Hill,* 197 F.3d 1135, 1141 (11th Cir.1999) (noting contrary interpretations of Florida law on the subject and certifying the question of the existence of a "fraudulent conversion" exception to the Supreme Court of Florida).[2] Courts within this district have differed on the issue. *See In re Tabone,* 247 B.R. 541, 544 (Bankr.M.D.Fla.2000) (finding that a "fraudulent conversion" exception to the homestead exemption does exist); *but see In re Young,* 235 B.R. 666, 672 (Bankr. M.D.Fla.1999) (finding that there is no "fraudulent conversion" exception).

This Court today finds it appropriate to deny the existence of a "fraudulent conversion" exception and thus reiterates its longstanding adherence to the textually-grounded rule of *Young.* The Court finds that, in light of the liberal scope of the Florida homestead exemption, it is inappropriate to create a new exception to the homestead exemption that does not exist in the constitutional text. As this Court stated in *Young,*

> The Florida Constitution specifically lists three instances when a debtor's homestead may be used to satisfy the claim of a creditor. Conversion of non-exempt to exempt assets is not one of them and this court will not create a new exception to the homestead exemption ... The Court will not look behind

the exemption to see how Debtor acquired the property.

*See Young,* 235 B.R. at 672.

Therefore, the Court finds that, if Debtors succeed in showing that no genuine issue of material fact exists on the qualification of the Lowery Grove property as a homestead, then Cadle Company may not manufacture a genuine issue of material fact by invoking the disapproved "fraudulent conversion" exception to the homestead exemption.

## C. Use of a qualified homestead for commercial purposes

█ An otherwise qualified homestead will not be denied the protection of Florida's constitutional homestead exemption merely because the debtor claiming the homestead uses the property for commercial purposes. *See Haning,* 252 B.R. at 806. Additionally, a court may not partition an otherwise qualified homestead into residential and commercial portions and disallow exempt status to that portion of the homestead dedicated to commercial use. *See id.* "The fact that debtors earn income from use of facilities located on real property within constitutionally-sanctioned area limitations claimed as their homestead does not, in and of itself, entitle creditors to partition the income producing property from the non-income producing property." *Id.*

## D. Application to the instant case

The Court finds that there is no genuine issue of material fact as to the homestead-exempt status of the entire Lowery Groves property.

The affidavits in support of Debtors' Motion for Summary Judgment establish

---

**2.** The certified question remains unanswered more than seventeen months after the Eleventh Circuit submitted it.

that the Lowery Groves property fits within the Florida Constitution's definition of an exempt homestead. Debtors brought forward affidavit testimony and documents showing that they are natural persons, that the Lowery Groves property is their permanent residence, and that the Lowery Groves property covers less than one hundred sixty acres of land outside of a municipality.

Cadle Company failed to create any genuine doubt as to the satisfaction of the homestead standard as a matter of law. Cadle Company did not supply any evidence tending to show that Debtors do not live permanently on the Lowery Groves property, or that the Lowery Groves property exceeds one hundred sixty acres in area.

Cadle Company seeks to defeat Debtors' homestead claim by asserting that Debtors enlarged their homestead in order to exempt previously non-exempt assets with the specific intent to hinder, delay, or defraud creditors. Cadle Company asserts that their accusations of "fraudulent transfer," if proven at trial, could defeat Debtors' homestead claim. Cadle Company's reliance on this argument is misplaced. It is not for the Court to determine at this time whether or not any fraudulent transfers took place, or whether Debtors have abused the bankruptcy system somehow. The only question before the Court is whether or not Debtors are entitled to a homestead exemption for the Lowery Groves property. As noted above, the Florida Constitution and current case law deem accusations of debtor malfeasance and evidence of fraudulent transfer or conversion irrelevant to the homestead exemption inquiry. Even if Cadle Company could prove at trial that Debtors fabricated the June 15, 1981 letter and that Charles V. Lowery caused the 1981 trust to transfer the trust properties to Debtors in order to hinder collection efforts, the Court could not deny Debtors' homestead exemption claim, any more than it could deny the homestead exemption claim if Cadle Company proved that Debtors drive over the speed limit or grow sub-standard fruit. The Florida Constitution simply does not allow the Court to take such facts into consideration.

Additionally, Cadle Company's argument that Debtors should only be allowed an exemption in the portion of the Lowery Groves property dedicated to residential use is without merit. There is no requirement that a homestead be used *solely* as a residence in order to fully qualify for exempt status under Article X, § 4(a).

Therefore, the Court concludes that Debtors' claim of exemption in the entire Lowery Groves property should be allowed.

## CONCLUSION

The Court finds that there is no genuine issue of material fact as to the homestead-exempt status of the Lowery Groves property. Therefore, the Court intends to grant summary judgment in favor of Debtors and intends to overrule the objections to Debtors' claim of homestead exemption in the Lowery Groves property.

The Court will enter a separate Order granting the Motion for Summary Judgment and a separate Summary Judgment in accordance with these Findings of Fact and Conclusions of Law.